JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Defendant-appellant Lejeana Adames appeals her conviction for public indecency in violation of R.C. 2907.09(A)(2). Adames argues in a single assignment of error that her conviction was based upon insufficient evidence.
R.C. 2907.09(A) provides, "No person shall recklessly do any of the following under circumstances in which his or her conduct is likely to be viewed by and affront others, not members of his or her household: (1) [e]xpose his or her private parts, or engage in masturbation; (2) [e]ngage in sexual conduct; (3) [e]ngage in conduct that to an ordinary observer would appear to be sexual conduct or masturbation."
Adames was charged with a violation of subsection (A)(2) of the statute. She argues that the state failed to present evidence that she had engaged in sexual conduct because there was no evidence of vaginal or anal penetration. In reviewing a sufficiency-of-the — evidence claim, an appellate court must examine the evidence presented at trial and determine whether that evidence, viewed in a light most favorable to the state, could have convinced any rational trier of fact that the defendant was guilty beyond a reasonable doubt.[1]
A mall security officer testified that she saw Adames in the mall's outdoor service court, an area where delivery trucks entered and where tenants went to take their trash. Adames was leaning over a trash compactor "with her pants down to her ankles, to her knees, and there was a male standing behind her and which, at that time, he was positioning himself behind her. * * * He went down into his pants, as I stood there seeing him, and he got behind her and was holding her from the back, and they were having sex." Based on these observations, the officer called for a second officer.
When the second officer arrived, some tenants had come outside to empty trash. The male who had been with Adames tried to run around the trash compactor but was caught. Just before the male tried to run away, he had handed Adames some money. The first security officer testified, "I was offended because I couldn't believe, when I walked out, that's what I seen. When I opened the door, all I could see was somebody's behind in my face." The officer testified that she did not see the male's penis or penetration, but that she saw that "[t]hey were having sex."
The second security officer testified that Adames was leaning over the compactor, that the male was standing up behind her, and that they were "having sex." The second officer called the police because he was appalled.
Where a witness observes conduct that leads the witness to believe that the defendant is engaging in sexual conduct, the evidence is sufficient to support a conviction for public indecency under R.C. 2907.09(A)(2).[2] "[T]he element of penetration may be inferred by the trier of fact from the facts established by substantial credible evidence."[3] After viewing the evidence in a light most favorable to the state, we conclude that the evidence could have convinced the trier of fact that Adames had committed the offense of public indecency. Therefore, we overrule the assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Doan and Sundermann, JJ.
[1] See State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus.
[2] See State v. Konich (Aug. 3, 1983), 9th Dist. No. 10969;State v. Climes (Aug. 3, 1983), 9th Dist. No. 10962.
[3] State v. McClung (Mar. 3, 1982), 1st Dist. No. C-810299.